UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

Windward Bora, LLC,

               Plaintiff,

      -v-                             No. 21-CV-3736-LTS-JW

Karrim Mohamed; National Collegiate Student
LoanTrust 2006-3,

               Defendants.

------------------------------------------------------------X

### MEMORANDUM ORDER

       Windward Bora, LLC ("Windward Bora" or "Plaintiff") brings this foreclosure action against Karrim Mohamed ("Mr. Mohamed" or "Defendant") and National Collegiate Student Loantrust 2006-3 ("NCSLT"). (Docket entry no. 2 (the "Complaint").) The Court has diversity jurisdiction of this action pursuant to 28 U.S.C. section 1332.

       This case is before the Court on Windward Bora's motion for summary judgment against Mr. Mohamed and for default judgment against NCSLT. (Docket entry no. 64 (the "Motion").) The Court has carefully considered the parties' submissions in connection with the instant Motion. For the following reasons, Windward Bora's Motion is granted.

### BACKGROUND

       The following facts are undisputed unless otherwise indicated.[1]

---

[1]    Facts characterized as undisputed are identified as such in the parties' statements pursuant to S.D.N.Y. Local Civil Rule 56.1 or drawn from evidence as to which there has been no contrary, non-conclusory factual proffer. Citations to the parties' respective Local Civil Rule 56.1 Statements (docket entry nos. 64-28 ("Pl. 56.1 St."), 67-3 ("Def. 56.1 Resp.")) incorporate by reference the parties' citations to the underlying evidentiary submissions.

On September 3, 2005, Mr. Mohamed executed a note (the "Note") in the principal amount of $72,750.00 plus interest in favor of First National Bank of Arizona. (Pl. 56.1 St. ¶ 1.) To secure the Note, Mr. Mohamed executed a mortgage (the "Mortgage") on September 3, 2005, encumbering the real property located at 4425 Wilder Avenue, Bronx, NY 10466 (the "Property"). (Id. ¶¶ 3-4.) Windward Bora proffers that "[t]he Note is specially indorsed to Plaintiff by allonge affixed thereto" (id. ¶ 5) and has tendered a copy of the allonge.[2] Mr. Mohamed signed a Loan Modification Agreement dated May 11, 2009, wherein "the princip[al] amount due [under the original Note] was changed to $71,159.41 and the interest rate was changed to 7.99% annually." (Id. ¶ 6.) The Loan Modification Agreement also stated that it "shall in no manner affect or impair the Note or liens and security interests securing same," and that "[a]ny default by the borrower in the performance of its obligation herein contained shall constitute a default under the Note." (Docket entry no. 64-19 ("Loan Modification Agreement") ¶¶ 5, 7.) Mr. Mohamed did not make the payment on the Note due on July 1, 2013, or any payment that became due thereafter. (Pl. 56.1 St. ¶ 7.)

On January 21, 2021, Windward Bora's counsel mailed "contractual 30-day notice of default letters"[3] to Mr. Mohamed by certified mail and first-class mail. (Pl. 56.1 St.

---

[2]     Mr. Mohamed "disputes" this statement, asserting that "[t]he appearance of a 'specially indorsed' note is an illusion designed to create the illusion of standing." (Def. 56.1 Resp. ¶ 5).

[3]     The Note requires the lender to provide the borrower a notice—identifying, among other things, the promise or agreement that the borrower failed to keep, the action the borrower must take to correct the failure, and the date by which the borrower must correct the failure—before acceleration. (Docket entry no. 64-17 (the "Note") ¶ 20.)

¶ 11.)  Windward Bora's counsel also "mailed the statutory CPLR § 1304[4] notices . . . by both certified mail return receipt requested, and regular mail to" Mr. Mohamed.  (Id. ¶ 12.)[5]

Windward Bora also states that it physically possessed the Note when the Complaint was filed on April 27, 2021.  (Pl. 56.1 St. ¶ 9.)  To support this assertion, Windward Bora relies on an affidavit from John Ramer[6], indicating that he determined that Windward Bora physically possessed the Note at the relevant time based on his review of Windward Bora's business records.  (Docket entry no. 64-15 ("Ramer Aff.") ¶ 11).  Mr. Mohamed disputes that statement based on the fact that, in his deposition, Mr. Ramer represented that he had never physically examined the original Note.  (Def. 56.1 Resp. ¶ 11; see also docket entry no. 67-10 ("Ramer Dep.") at 13:22-16:22 (noting that he had "not been able to examine in [his] hands the original copy of the note").)

---

[4]     "RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit a notice to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure."  OneWest Bank, N.A. v. Guerrero, No. 14-CV-3754-NSR, 2018 WL 2727891, at *7 (S.D.N.Y. June 6, 2018).

[5]     Windward Bora submitted an affidavit stating that these notices were mailed by counsel in accordance with its standard business practices.  (Docket entry no. 64-21 ("Franklin Aff.") ¶¶ 2-5.)  Windward Bora submitted another affidavit stating that "Plaintiff directed its attorneys . . . to comply with any contractual and statutory conditions precedent to the foreclosure action, including" mailing the notices.  (Docket entry no. 64-15 ("Ramer Aff.") ¶ 12.)  Mr. Mohamed does not contest Plaintiff's representations that notices were sent, but contends that mailings by counsel were insufficient to satisfy the contractual and statutory notice requirements.  (Def. 56.1 Resp. ¶¶ 11-12.)

[6]     Mr. Ramer is a vice president of REO collections at Lakeport Capital, LLC, the asset manager for Windward Bora, and an authorized signatory for Windward Bora in the instant foreclosure case.  (Ramer Aff. ¶ 1.)  In his Affidavit, Mr. Ramer stated that he is familiar with Windward Bora's standard procedures and practices.  (Id. ¶ 2.)

Windward Bora alleges that the loan secured by the Note and the Mortgage (the "Loan") "remains in default and is currently due for the July 1, 2013 payment,"[7] and that a principal sum of $64,701.37, plus $40,926.31 in interest, is due.  (Pl. 56.1 St. ¶¶ 13-14.)  Mr. Mohamed asserts that "[n]o debt is due to this Plaintiff" (Def. 56.1 Resp. ¶¶ 13-14) but does not appear to deny that the Loan is in default.  (See id. ¶ 7 ("Defendant owes money to his original lender or a proper holder-in-due course – not Plaintiff.").)

DISCUSSION

Motion for Summary Judgment

Summary judgment is warranted when there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is considered material when it "might affect the outcome of the suit under the governing law," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court views the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. Ashley v. City of N.Y., 992 F.3d 128, 136 (2d Cir. 2021).  The nonmoving party may not rely solely on "conclusory allegations or unsubstantiated speculation" to survive summary judgment but "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact."  Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).

---

[7]     Although the Loan has been in default since July 1, 2013, "[a]t the time this action was filed, Plaintiff elected to advance the loan's due date to June 1, 2015 to ensure any and all amounts Plaintiff seeks to collect by and through this action are within the applicable statute of limitations period."  (Pl. 56.1 St. ¶ 15.)

Prima Facie Case

"Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the Note and the Mortgage are produced to the Court along with proof that the Mortgagor has failed to make payments due under the Note." E. Sav. Bank, FSB v. Ferro, No. 13-CV-5882-SJF-GRB, 2015 WL 778345, at *6 (E.D.N.Y. Feb. 24, 2015) (citation omitted). "[W]here the mortgage holder establishes the basic elements of a cause of action for foreclosure, the mortgage holder is entitled to a presumptive right to collect, which can only be overcome by an affirmative showing from the defendant." United States v. Freidus, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991).

Windward Bora has established its prima facie case by submitting copies of the Note (docket entry no. 64-17) and Mortgage (docket entry no. 64-18), executed by Mr. Mohamed, and an affidavit from Mr. Ramer, an asset manager with direct knowledge of the facts and circumstances of the case, attesting to Mr. Mohamed's default on the payments due (Ramer Aff. ¶¶ 7-10). See Ferro, 2015 WL 778345, at *6. Mr. Mohamed's conclusory assertion that Windward Bora cannot prove default—because "Plaintiff's witnesses swear to facts based upon his review of his employer's business records which conflict with the allegations and exhibits in the Complaint" (docket entry no. 67 ("Def. Mem.") at 12)—is meritless. The "discrepancies" Mr. Mohamed identifies are easily explained by (1) the fact that the Note was modified by the Loan Agreement, and (2) Plaintiff's concession that it cannot collect time-barred payments that were due before June 1, 2015. (See docket entry no. 70 ("Reply") at 2.) Therefore, summary judgment is warranted unless Mr. Mohamed can establish an affirmative defense.

Affirmative Defenses

Mr. Mohamed asserts a number of affirmative defenses; the Court analyzes each in turn:

First, Mr. Mohamed argues that Windward Bora lacks standing to bring the foreclosure action.  "A plaintiff in an action to foreclose a mortgage has standing if it is the holder or assignee of the underlying note when the action is commenced . . . ."  Wells Fargo Bank, N.A. v. Mayer, 144 A.D.3d 1142, 1143 (N.Y. App. Div. 2d Dept. 2016).  "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident . . . ."  Id. (internal quotation marks and citations omitted).  Here, Windward Bora provided a copy of the Note when it filed the Complaint; Mr. Ramer also attested to Windward Bora's possession of the Note on January 7, 2021, prior to the filing of the Complaint.  (Reply at 4.)  Mr. Mohamed argues—without citation to legal authority—that Windward Bora nevertheless lacks standing to foreclose because it failed to demonstrate that it was in physical possession of the Loan Modification Agreement prior to the commencement of this action.  (Def. Mem. at 6-7.)  This argument is foreclosed by the text of the Loan Modification Agreement itself, which makes clear that it "shall in no manner affect or impair the Note or liens and security interests securing same."  (Loan Modification Agreement ¶ 5.)  In other words, the Loan Modification Agreement expressly preserves the rights and liabilities under the original Note.  Therefore, even though the Complaint only demonstrated Windward Bora's possession of the Note at the time of filing, that possession is sufficient to confer standing to bring the foreclosure action.

Second, Mr. Mohamed asserts that foreclosure would be premature because Windward Bora failed to accelerate the Loan.  The Note makes clear that the lender may accelerate the Loan upon the borrower's default (Note ¶ 4(C)), and it is well-established under New York law that commencing a foreclosure action is sufficient to accelerate a loan in default. See, e.g., Wells Fargo Bank, N.A. v. Burke, 94 A.D.3d 980, 983 (N.Y. App. Div. 2d Dept. 2012).  Mr. Mohamed contends that the commencement of this action was insufficient to accelerate the loan because Windward Bora failed to attach the Loan Modification Agreement to the Complaint.  (Def. Mem. at 8.)  Mr. Mohamed cites Freedom Mortgage Corporation v. Engel, 37 N.Y.3d 1, reargument denied, 37 N.Y.3d 926 (N.Y. 2021), in support of this argument.  In Freedom Mortgage, the New York Court of Appeals determined that commencing the foreclosure action did not accelerate the Loan because the complaint "failed to acknowledge that the parties entered into a modification agreement altering the amount and terms of the loans. . . ." Id. at 25.  However, in that case, the court concluded that the loan had not been accelerated because the modification agreement had such "materially distinct terms" from the original note that it was "unclear what debt was being accelerated."  Id.  Those facts distinguish Freedom Mortgage from those before the Court in this case.  Here, not only does the Loan Modification Agreement state that it "shall in no manner affect or impair the Note or liens and security interests securing same," it also explicitly says that "[a]ny default by the borrower in the performance of its obligation herein contained shall constitute a default under the Note."  (Loan Modification Agreement ¶¶ 5, 7.)  In other words, because Windward Bora's pleadings make clear that the debt being accelerated was the original Note, the filing of this lawsuit effected a valid acceleration.  This situation, therefore, is distinct from Freedom Mortgage, where it was "unclear what debt was being accelerated."  37 N.Y.3d at 25.

Third, Mr. Mohamed maintains that Windward Bora failed to comply with the notice requirements outlined in the Note and in New York Real Property Actions and Proceedings Law ("RPAPL") section 1304.  The Note requires the lender to provide the borrower a notice (the "Contractual Notice")—identifying, among other things, the promise or agreement that the borrower failed to keep, the action the borrower must take to correct the failure, and the date by which the borrower must correct the failure—before acceleration.  (Note ¶ 20.)  "RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit a notice [(the "Section 1304 Notice")] to the borrower at least 90 days prior to commencing a legal action for mortgage foreclosure."  OneWest Bank, N.A. v. Guerrero, No. 14-CV-3754-NSR, 2018 WL 2727891, at *7 (S.D.N.Y. June 6, 2018).  Mr. Mohamed does not argue that either the Contractual Notice or the Section 1304 Notice was substantively defective or delivered in an untimely manner.  Instead, Mr. Mohamed asserts that the notices were not valid because Windward Bora's lawyers, rather than Windward Bora itself, mailed them.  (Def. Mem. at 16.)  However, there is no legal or factual basis for the limitation that Mr. Mohamed proposes.  It is undisputed that the content of the notices complied with the statute and the Note, respectively, and neither the statute nor the contract precludes the party seeking foreclosure from having the notice sent by an agent acting on its behalf.  Instead, courts regularly find that a plaintiff has satisfied Section 1304 where the plaintiff's attorney mailed the notices as plaintiff's agent.  See, e.g., Wilmington PT Corp. v. Danialian, No. 19-CV-1972-GRB-JMW, 2023 WL 2632499, *4 (E.D.N.Y Mar. 24, 2023).  Because the Ramer affidavit confirms that "Plaintiff directed its attorneys . . . to comply with any contractual and statutory conditions precedent to the foreclosure action, including" mailing the notices (Ramer Aff. ¶ 12), the Court concludes that Windward Bora complied with the notice requirements to commence this action.

Fourth, Mr. Mohamed argues that Windward Bora's claims are time-barred. "A mortgage foreclosure action is subject to a six-year statute of limitations." Retemiah v. Bank of N.Y. Mellon, 195 A.D.3d 649, 650 (N.Y. App. Div. 2d Dept. 2021). However, the statute of limitations does not begin to run on the entire claim until the debt is accelerated. See Wells Fargo Bank, N.A. v. Breuer, 203 A.D.3d 1103, 1005-06 (N.Y. App. Div. 2d Dept. 2022). Because the Loan was not accelerated until the action was brought in 2021, Mr. Mohamed has presented no meritorious argument that the statute of limitations bars any of the recovery that Plaintiff seeks.

Because each of Mr. Mohamed's affirmative defenses and all of his arguments in opposition to this foreclosure action fail, the Count grants Windward Bora's motion for summary judgment.

Motion for Default Judgment Against NCSLT

Federal Rule of Civil Procedure 55 provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend," and after entry of default, a default judgment may be entered against such person. Fed R. Civ. P. 55(a), (b)(2). In determining whether to grant a motion for default judgment, the Court considers three factors: "(1) whether the defendant's default was willful; (2) whether [the] defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." Santana v. Latino Express Restaurants, Inc., 198 F. Supp. 3d 285, 291 (S.D.N.Y. 2016) (citation omitted); see also Guggenheim Cap., LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013) (applying these factors in review of lower court grant of a default judgment).

Here, the Court finds that all three factors weigh in Windward Bora's favor. First, NCSLT's failure to respond to the Complaint as well as its "failure to respond to the default judgment motion practice [are] indicative of willful conduct." Bldg. Serv. 32BJ Pension Fund v. 1180 AOA Member LLC, No. 18-CV-12226-LTS-OTW, 2020 WL 70947, at *2 (S.D.N.Y. Jan. 3, 2020). Second, because NCSLT failed to respond to this Motion, the Court is unaware of any meritorious defense that it could present. Third, Windward Bora will be prejudiced and left with no alternative recourse if it is denied judgment by default, as NCSLT has willfully failed to participate in this action. (See docket entry no. 21 (certificate of default against NCSLT).)

The Court must next "decide whether the plaintiff has pleaded facts supported by evidence sufficient to establish the defendant's liability with respect to each cause of action asserted." Santana, 198 F. Supp. 3d at 291. In foreclosure actions, courts routinely enter default judgment against defendants with "nominal interests" in the relevant property, such as parties holding liens that are subordinate to the plaintiff's interest, who have failed to respond to the complaint. See E. Sav. Bank, FSB v. Beach, No. 13-CV-341-JS-AKT, 2014 WL 923151, at *8 (E.D.N.Y. Mar. 10, 2014); see also E. Sav. Bank, FSB v. Strez, No. 11-CV-1543-ENV-LB, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the "holder of a subordinate lien on the premises" who failed to respond to the complaint). When a default judgment is entered against a defendant with a "nominal interest" in a property, that defendant's interest in the relevant property is terminated. See Bank of Am., N.A. v. 3302 Atl., LLC, No. 10-CV-2504-FB, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (collecting cases).

Here, Windward Bora has established NCSLT's "nominal interest" in the Property by submitting a transcript of the Judgment listing NCSLT's lien on the Property. (Docket entry no. 64-14.) Windward Bora has also established that NCSLT (i) was served with

the Complaint, which identifies NCSLT as "a necessary party defendant to [the] action because it is a judgment creditor on the Property" on May 11, 2021 (docket entry no. 64-3), and (ii) failed to respond (docket entry no. 21).  Taken together, this is sufficient to support the grant of a default judgment for Plaintiff.  See Beach, 2014 WL 923151, at *8.  Therefore, the Court grants Windward Bora's motion for default judgment against NCSLT.

## CONCLUSION

Windward Bora's Motion for Summary Judgment and for Default Judgment is granted.  This Memorandum Order resolves docket entry no. 64.

Windward Bora is directed to submit a proposed judgment of foreclosure within 30 days that provides for a sale of the Property consistent with this Memorandum Order.  The proposed judgment of foreclosure should also provide for the appointment of a proposed referee to calculate the amount due (including any compensable fees and costs), effectuate the sale, and disperse the resulting proceeds.  See W. Coast Serv., Inc. v. Rogers, No. 22-CV-6517-LJL, 2023 WL 7545763, at *5 (S.D.N.Y. Nov. 14, 2023).  Plaintiff is further directed to file a letter concurrently with the proposed judgment that describes the qualifications of its proposed referee.  See id.

SO ORDERED.

Dated:  New York, New York
         December 22, 2023

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge