UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

WINDWARD BORA, LLC,

        Plaintiff,

  -v-                                       No. 1:21-cv-03736-LTS

KARRIM MOHAMED; NATIONAL COLLEGIATE STUDENT LOANTRUST 2006-3,

        Defendants.

-------------------------------------------------------x

**Property:** 4425 Wilder Avenue, Bronx, NY 10466
**Block: 5095 Lot: 145**
Mortgage Servicer: FCI Lender Services, Inc.
Telephone Number: 800-931-2424

## JUDGMENT OF FORECLOSURE AND SALE

Upon reading the Summons, Complaint, Notice of Pendency, and Affidavits of Service upon all defendants, as well as the Answer submitted by defendant Karrim Mohamed and the Notice of Motion, Affirmation in Support, and Memorandum of Law of Mojdeh Malekan, Esq., of Hasbani & Light P.C., the attorney of record for plaintiff together with the exhibits attached thereto, and upon the Affidavit of John Ramer, Vice-President of REO Collections at Lakeport Capital, LLC, the asset Manager for Plaintiff, dated August 7, 2023, and all prior papers filed in this action,

And it appearing that National Collegiate Student Loantrust 2006-3's, time to the answer the complaint has expired, and

And upon the Court's Memorandum Order dated December 22, 2023,

NOW, on motion of Hasbani & Light P.C., attorney for the plaintiff, it is hereby

    **ORDERED**, that Plaintiff's motion is granted in its entirety; and it is further

    **ORDERED** that summary judgment is granted in favor of Plaintiff; that the affirmative defenses asserted in Karrim Mohamed's Answer are stricken and dismissed; and it is further

**ORDERED**, that Karrim Mohamed's Answer be treated as a notice of appearance; and it is further

**ORDERED,** that default judgment is issued in favor of Plaintiff and against defendant National Collegiate Student Loantrust 2006-3; and it is further

**ORDERED**, this action be, and the same is hereby referred to Susan Rizos, Esq. of 22-55 31st Street, Ste 206B, Astoria, New York 11105; (718) 777-5750, as Special Master pursuant to Federal Rule of Civil Procedure 53(a)(1)(B)(ii) to proceed with all reasonable diligence to ascertain and compute the amount due to the Plaintiff for principal, interest and other disbursements advanced, including compensable fees and costs, including attorney's fees, as provided for in the note and mortgage upon which this action is brought, and to file within 30 days from the date hereof her Report and Recommendation, with supporting documentation, explaining her recommended computation of the amount due to Plaintiff; and it is further

**ORDERED,** that any objections to those the Report and Recommendation must be filed within 14 days after the Special Master's Report and Recommendation is filed; it is further

**ORDERED, ADJUDGED AND DECREED** that, after the Court has ruled on any objections to the Report and Recommendation and filed its order determining the amount due to Plaintiff upon its de novo review of the Special Master's recommendation under Federal Rule of Civil Procedure 53(f), the mortgaged premises, commonly known as 4425 Wilder Avenue, Bronx, NY 10466 and identified on the Bronx County Tax Map as Block: 5095 Lot: 145 and more particularly described in Schedule A annexed hereto (the "Premises") be sold, in one parcel, at public auction on the Courthouse Steps outside of the United States District Courthouse located at 500 Pearl Street, New York, NY 10007 on any day of the week the courthouse is open at a time selected by Susan E. Rizos, Esq., who hereby is appointed Referee for that purpose (hereinafter, "Referee"); the Referee shall set the date and time of the sale and give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law

("RPAPL") § 231 in the Bronx Times Reporter published in Bronx County, New York; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that, in the event the first successful bidder fails to pay immediately the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises thereafter immediately, on the same day, shall be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days of the sale, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee shall deposit all funds received pursuant to this Judgment in her own name as Referee for the benefit of this action in an FDIC insured bank, which proceeds of sale may be withdrawn on her own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee on receiving the proceeds of such sale forthwith shall pay therefrom:

FIRST: The statutory fees and commissions of the Referee--$750.00 for each sale conducted as per NYCPLR § 8003--and $350.00 for computation of amount due in the capacity of Special Master. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff

shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by the Referee to be correct, copies of which shall be annexed to the Report of Sale.

THIRD: Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates, and any charges placed upon the Premises by a municipal agency that has priority over the foreclosed mortgage, and are liens on the Premises at the time of sale with such penalties as may have lawfully accrued thereon to the date of payment.

FOURTH: Referee then shall pay to Plaintiff or to Plaintiff's attorneys the sum that she calculates due Plaintiff under the Note and Mortgage, including interest at the note rate to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure sale, not previously included in the computation, and, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that, if Plaintiff is the purchaser of the mortgaged Premises at said sale, the Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the sold Premises upon the payment to the Referee of the sum awarded to her under the above provisions marked "FIRST", "SECOND", and "THIRD," if such expenses were paid by the Referee or, in lieu of the payment of the last mentioned amounts, upon filing with the Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments to the Referee for compensation and for expenses, taxes, assessments, sewer rates, water rates, and priority liens of a municipal agency, shall be allowed to Plaintiff and applied by the Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If, upon so applying the balance of the amount bid, there is a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to the Referee, upon delivery of the Deed to Plaintiff, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises pursuant to RPAPL § 1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments have been made as provided herein shall be deposited into Court in accordance with RPAPL § 1345(4), and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as directed above in item marked "FOURTH", and file it with her Report of Sale, that she deposit the surplus monies, if any, with the aforesaid depository,

within five (5) days after the same is received, unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this action, to be withdrawn only on the order of the Court, signed by the Judge of this Court presiding over this action; that the Referee make her Report of the Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty (30) days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that, if the proceeds of such sale are insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover of defendant Karrim Mohamed the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged Premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the Deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED**, that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action hereby are forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Premises to be sold in one parcel in "as is" physical order and condition on the day of sale, subject to: - any state of facts that an inspection of the Premises would disclose; - any state of facts that an accurate survey of the Premises would disclose; - sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale; - covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any; - any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same; - any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof; - any equity of redemption of the United States of America to redeem the Premises or any portion thereof within one hundred twenty (120) days from date of sale; and - prior lien(s) of record to the mortgage being foreclosed, if any, except those liens addressed in RPAPL § 1354; and it is further

**ORDERED**, that, in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that Plaintiff shall serve a copy of this Judgment shall be served upon the designated Referee, the owner of the equity of redemption as of the date of filing of the Notice of Pendency, any tenants or occupants named in this action, and any other party entitled to notice and file a certificate of such service within 7 days from the date hereof. The description of the Premises encumbered by the mortgage being foreclosed is annexed hereto as Schedule "A".

                                             ENTER:

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             CHIEF UNITED STATES DISTRICT JUDGE
                                             January 26, 2024

## Schedule A Description

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Bronx, County of Bronx, City and State of New York, known and designated as and by Lot Numbers 66 and 67 upon a certain map entitled, "Map of 643 Lots, Bathgate Estate located between Baychester Avenue, Bissell Avenue, Mundys Lane, Bussing Avenue, Borough of the Bronx, City of New York, made by Chas. Cohen & Leo J. Ehrhart, Inc., completed June 3, 1921", and filed as Map No. 487 being further bounded and described as follows:

RUNNING THENCE Northwesterly 72.00 feet to a point;

THENCE Northeasterly 50.06 feet to a point;

THENCE Southeasterly 69.74 feet to a point on the northwesterly side of Wilder Avenue;

THENCE Southwesterly along the northwesterly side of Wilder Avenue, 50.21 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY
Tax Designation:
Bronx County: Block 5095 Lot 145
Address: 4425 Wilder Avenue, Bronx, N.Y.